times before the accident the child had been found with matches which had been taken from him and that he had several times set fire to his clothing with them.

---

## Mrs. E. J. Gibbons, Defendant in Error, v. Allen Grossman and Leopold E. Phillips, Plaintiffs in Error.

### Gen. No. 20,591.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed November 1, 1915.

### Statement of the Case.

Action by Mrs. E. J. Gibbons, plaintiff, against Allen Grossman and Leopold E. Phillips, defendants, to recover damages claimed to have been sustained by misrepresentations of defendants as to a fur coat purchased of them by plaintiff. To reverse a judgment for plaintiff, defendants prosecute this writ of error.

Defendants filed an appearance and an affidavit of defense denying that any representations as claimed had been made. The case was duly set for trial, and on that date the plaintiff appeared but the defendants were absent and not represented, and the court entered judgment against them for the amount of plaintiff's claim. Within two days thereafter defendants, by their attorneys, filed a written motion to vacate the judgment, which motion was supported by an affidavit. This, in substance, alleged that the failure to be present on the day of the trial was due to a mistake of a clerk in the office of defendants' attorneys who was confused by the announcement of the cases on the Municipal Court judges' calls which appeared in the "Daily Municipal Court Record," a daily paper or bulletin giving the court calls. The clerk's mistake seems to have been made possible by the fact that some of the

judges were suspending their calls on account of the sessions of the State Bar Association, while others were not.

HINER, BUNCH & LATIMER, for plaintiffs in error.

McMAHON & CHENEY, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

JUDGMENT, § 286*—*when refusal of motion to vacate judgment by default reversible error.* Where defendants' attorneys failed to be present on the day the case was set for trial in the Municipal Court of Chicago through a mistake of a clerk in their office who was confused by the announcement of the cases on the Municipal Court judges' calls appearing in a daily bulletin giving such calls, such confusion being made possible by the fact that, at the time, some of the judges were suspending their calls while others were not, it is error to deny a motion to vacate the judgment.

---

Butcher Folding Crate Company, Defendant in Error, v. S. T. Fish, trading as S. T. Fish & Company, Plaintiff in Error.

Gen. No. 20,625. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

## Statement of the Case.

Action by Butcher Folding Crate Company, a corporation, plaintiff, against S. T. Fish, trading as S. T. Fish & Company, defendant, to recover for crates sold and delivered. There was a judgment for plaintiff for $672.18, to reverse which defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.